THE STATE OF OHIO *v.* LOVEJOY.

(No. CR11530—Decided April 19, 1976.)

Municipal Court of Elyria.

*Mr. Michael E. Szekely,* city prosecutor, for plaintiff. *Messrs. Smith & Smith* and *Mr. Gerald Smith,* for defendant.

HORN, J.    The defendant, John Lovejoy, is charged with negligent homicide in violation of R. C. 2903.05.

On or about October 12, 1975, defendant, John Lovejoy, was at home at 2701 Grafton Road, Grafton, Ohio, Lorain County.    Four persons, James Ketchem, Richard Ketchem, Joe Santoro and Terry Christensen, age 17 thru 20, came to the door at approximately 8:00 p.m.    Richard Lovejoy, John Lovejoy's son, was confronted with an accusation of the rape of the girlfriend of James Ketchem

by the said James Ketchem. Richard Lovejoy went into the house when he refused to fight James Ketchem. (No charge of rape was ever placed against Richard Lovejoy.)

Defendant, John Lovejoy, then twice ordered James Ketchem and his companions to leave the premises. James Ketchem refused to leave the premises. Defendant, John Lovejoy's wife, 15-year-old daughter and son, Richard, were frightened by the language and threatening tone of James Ketchem.

John Lovejoy fearing for the safety of himself and family ran to a bedroom to obtain a revolver. Mrs. Lovejoy was hysterical. John Lovejoy attempted to scare James Ketchem into leaving the property. James Ketchem sought to open the screen door and enter the home of John Lovejoy. A struggle with the screeen door ensued. The de-defendant, John Lovejoy, during the struggle accidentally pulled the trigger of the pistol. A bullet was fired through the left arm, through the left flank to the right flank, causing internal damage that resulted in James Ketchem's death. The hammer of the pistol struck the screen door leaving a scratch indicating contact.

### Statement of Law.

The court must find the defendant, John Lovejoy, guilty beyond a reasonable doubt, if "because of a substantial lack from due care, he failed to perceive or avoid a risk that such circumstances may exist," i. e., that defendant did cause the death of James Ketchem by means of a deadly weapon by reason of a substantial lack of due care.

### Self Defense.

"* * * In the case of justifiable self-defense, the injured party may repel force with force in defense of his person, habitation or property, against one who manifestly intendeth and endeavoreth, with violence or surprise, to commit a known felony upon either. In these cases he is not obliged to retreat, but may pursue his adversary till he findeth himself out of danger, and if, in a conflict between them, he happeneth to kill, such killing is justifiable." Foster's Crown Cases, Chapter 3, page 273 et seq. (1762).

"Where a person in the lawful pursuit of his business,

and without blame, is violently assaulted by one who manifestly and maliciously intends and endeavors to kill him, the person so assaulted, without retreating, although it be in his power to do so without increasing his danger, may kill his assailant if necessary to save his own life or prevent enormous bodily harm." *Erwin* v. *State* (1876), 29 Ohio St. 186.

"* * * a true man, who is without fault, is not obliged to fly from an assailant, who, by violence or surprise, maliciously seeks to take his life or do him enormous bodily harm." Judge McIlvaine in *Erwin* v. *State, supra,* at page 199; *State* v. *Blanton* (1960), 111 Ohio App. 111, 116.

Under the facts detailed, if the defendant did not provoke the attempt of James Ketchem to forcibly enter the premises, but while in lawful pursuit of the quiet possession of his habitation was suddenly and violently confronted by the said James Ketchem and placed in danger of loss of life, great bodily harm or deprivation of the safety of his habitation, the defendant was not required to retreat. (See 13 R. C. L. 826.)

Thus, the defendant under the concept of self-defense would not be required to retreat, and if said defendant had fear for his life or fear of serious bodily harm, he could without blame or liability therefor kill the victim.

*Justifiable Homicide.*

"Homicide is justifiable on the ground of self-defense, where the slayer, in the careful and proper use of his faculties, *bona fide believes,* and has reasonable ground to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of the assailant, although in *fact* he is mistaken as to the existence or imminence of the danger." *Marts* v. *State* (1875), 26 Ohio St. 162.

"* * * The test relates therefore to the *actual* state of mind of the slayer and its *bona fides,* or good faith, and whether such state of mind is on reasonable grounds, not reasonable as to a reasonable man, but reasonable as to the slayer. The test does not relate to what *should be,* but

may not be, apparent to the slayer." *State v. Reid* (1965), 3 Ohio App. 2d 215, 223.

"* * * Where one is assaulted in his home, or the home itself is attacked, he may use such means as are *necessary* to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home, even to the taking of life. But a homicide in such a case would not be justifiable unless the slayer, in the careful and proper use of his faculties, *bona fide believes*, and has reasonable ground to believe that the killing *is* necessary to repel the assailant or prevent his forcible entry." *State v. Peacock* (1883), 40 Ohio St. 333, 334.

*Homicide Happening In Defense Of One's Home or Property.*

"Another aspect of the defense of self-defense is the place where the attack occurs. In Ohio it is the law that where one is assaulted in his home, or the home itself is attacked, he may use such means as are necessary to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home, even to the taking of life. But a homicide in such a case would not be justifiable unless the slayer, in the careful and proper use of his facilities, in good faith believes, and has reasonable ground to believe, that the killing is necessary to repel the assailant or prevent his forcible entry. *State v. Peacock* (1883), 40 Ohio St. 333." *State v. Reid, supra* (3 Ohio App. 2d 215), at page 221.

"An owner of a building is entitled to use such force as he in good faith believes and has reasonable grounds to believe is necessary to prevent and repel the attempt of a person to feloniously break and enter the building with intent to steal. Whether such owner used force in excess of that which was reasonable and necessary is ordinarily a question for the jury and in determining that fact the jury need not meticulously measure the quantum or amount of the force used." *Allison v. Fiscus* (1951), 156 Ohio St. 120.

The accused is not criminally responsible for a death, and cannot be found negligent, when he is lawfully acting

in self-defense or in defense of the safety of his home and the victim dies by the accidental discharge of a gun in the hand of the home owner during a struggle in which the home owner is attempting to prevent the victim from entering the home of the home owner.

### Negligent Homicide.

R. C. 2903.05, which the defendant is charged with negligent homicide, reads as follows:

"(A) No person shall negligently cause the death of another by means of a deadly weapon or dangerous ordnance as defined in Section 2923.11 of the Revised Code."

R. C. 2923.11:

"(A) 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

"(J) 'Dangerous ordnance' means any of the following * * *:

"(1) Any automatic or sawed-off firearm, or zip-gun; "* * *

"(4) Any firearm * * *."

R. C. 2901.22:

"(D) A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

"A person is said to be negligent under the section when, because of a substantial slip from the standard of care required of him under the circumstances, he fails to notice or take steps to evade a risk that his conduct may cause a certain result or be of a certain nature, or that certain circumstances may exist. * * * For one to be negligent under this section he must be guilty of a *substantial* departure from due care, whereas ordinary negligence merely requires a failure to exercise due care." Committee Comment to R. C. 2901.22. Legislative Service Commission Note

(1973) appearing in Banks Baldwin note to R. C. 2901.22.

"*Where the death of a human being is the result of accident or misadventure, in the true meaning of the term, no criminal responsibility attaches to the act of the slayer.* Where it appears that a killing was unintentional, that the perpetrator acted with no wrongful purpose in doing the homicidal act, that it was done while he was engaged in a lawful enterprise, and that it was not the result of negligence, the homicide will be excused on the score of accident or misadventure. Such accident may be shown under a plea of not guilty, and if established, requires a verdict of not guilty. * * * [A] homicide is excused when caused by the discharge of a gun or pistol which the slayer did not intentionally point at the deceased, and while he was not engaged in any unlawful act, and without any carelessness or negligence on his part, for example * * * where the accused is lawfully acting in self-defense and the victim meets death by accident, through the unintentional discharge of a gun, or the like." (Emphasis added.) 40 American Jurisprudence 2d 406, Section 112.

Accident is defined as "an unfortunate event occurring casually" or by "chance."

Misadventure is defined as "an unlucky accident; misfortune; ill-luck." (Webster's Self Pronouncing Dictionary.)

### Conclusion.

Under the theory of self-defense, if the defendant did not provoke the attempt of James Ketchem to forcibly enter the premises, but while in lawful pursuit of the quiet possession of his habitation was suddenly and violently confronted by said James Ketchem and placed in danger of loss of life, great bodily harm or deprivation of the safety of his habitation, the defendant was not required to retreat and if defendant had fear of his life or fear of serious bodily harm, he could without blame or liability therefore kill the victim.

In justifiable homicide the test relates to the actual, good faith state of mind of the slayer, not reasonable as to the reasonable man, but reasonable as to the slayer.

It is the law that where one is assaulted in his home, or the home itself is attacked, the slayer may use such means as the slayer in good faith believes are necessary to repel the assailant from the house, or to prevent the assailant's forcible entry, or his material injury to the slayer's home, even to the taking of life.

Thus, the accused is not criminally responsible for a death and cannot be found negligent when he is acting in self-defense or in defense of the safety of his home during which defense the victim dies from the accidental discharge of a gun in the hand of the home owner during a struggle between the home owner and the assailant in attempting to prevent the entry of victim into the homeowner's home.

The question whether the law as enacted, and effective January 1, 1974, has changed the statutory provisions, so that, the previously compiled law has been set aside is hereby being determined. R. C. 2903.05 sets forth the charge of "negligent homicide."

The negligence required under the statute which the defendant must be guilty of is a substantial departure from due care. This type of conduct would be a material forsaking of expected concern, a vital abandonment of required care, or a real divergence of appropriate concern.

The conduct of the defendant cannot be considered as being any of these descriptions. The conduct of the defendant in killing the victim, James Ketchem, could only be stated as accidental or an unlucky accident.

Thus, the statement in 40 American Jurisprudence 2d 406, *supra*, applies: "Where the death of a human being is the result of accident or misadventure * * *, no criminal responsibility attaches to the act of the slayer."

The court finds that the defendant acted reasonably under the circumstances and that his conduct did not constitute a substantial lack of due care. The defendant is found not guilty of negligent homicide.

*Defendant not guilty.*