THE STATE OF OHIO, APPELLEE, *v.* BRADY, APPELLANT.

(No. 12-166—Decided May 9, 1988.)

*John E. Shoop,* prosecuting attorney, for appellee.

*R. Paul LaPlante,* county public defender, and *Charles F. Cichocki,* for appellant.

CHRISTLEY, J. Raymond T. Brady, appellant, was indicted for carrying a concealed weapon and felonious assault. The charges arose from an incident wherein appellant wounded Daryle Arnett with a knife. Appellant claims the injury was an accident.

At trial, appellant requested jury instructions as to "accident" and "right to bear arms." The trial court refused and appellant objected.

The jury found appellant guilty on all counts. Appellant's notice of appeal made the following assignments of error:

"1. The court erred in refusing to charge the jury on the defendant's written, requested instructions regarding the issue of accident.

"2. The court erred in refusing to charge the jury on the defendant's

written, requested instructions regarding the issue of right to bear arms."

Appellant's first assignment of error is well-taken. It is prejudicial error in a criminal case to refuse to give a requested charge which is pertinent to the case, states the law correctly, and is not covered by the general charge, or by another special charge which is given. *Cincinnati* v. *Epperson* (1969), 20 Ohio St. 2d 59, 49 O.O. 2d 342, 253 N.E. 2d 785; *State* v. *Nelson* (1973), 36 Ohio St. 2d 79, 65 O.O. 2d 222, 303 N.E. 2d 865, overruled in part on other grounds in *State* v. *Fanning* (1982), 1 Ohio St. 3d 19, 1 OBR 57, 437 N.E. 2d 583.

"Where accident has been raised as a defense *and has record support,* the judge need only explain the elements of accident and instruct that proof of accident negates guilt * * *." (Emphasis added.) *State* v. *Rivers* (1977), 50 Ohio App. 2d 129, 4 O.O. 3d 100, 361 N.E. 2d 1363, paragraph six of the syllabus.

An inspection of the record reveals support for the defense of accident. "Accident is defined as 'an unfortunate event occurring casually' or by 'chance.'" *State* v. *Lovejoy* (M.C. 1976), 48 Ohio Misc. 20, 25, 2 O.O. 3d 320, 323, 357 N.E. 2d 424, 428. Appellant testified that "* * * [w]hen I turned around to scare him, his motion, his body could not be stopped, and it was an accident, and he rammed into that * * * knife * * *."

A "* * * defendant's possession and drawing of a weapon may be in self-defense, but the actual infliction of the * * * wound may be an accident." *State* v. *Armbrust* (C.P. 1941), 35 Ohio Law Abs. 554, 558, 42 N.E. 2d 214, 217. In *Armbrust,* the defendant was convicted of manslaughter. On appeal, that defendant claimed the trial court erred in overruling defendant's request to include a jury instruction on accidental death, even though the

question had been at issue throughout the case. *Id.* at 555, 42 N.E. 2d at 214. When charging the jury, the court included the following instructions:

"As I have said to you, if a man purposely uses a deadly weapon upon another, one calculated to produce death, the intent to wound or kill may be inferred from the use of the weapon, and the manner in which it was used; but whether such person had such intent or whether he did not is a question of fact for the determination of the jury from all the facts and circumstances in evidence.

"* * *

"Now, it is contended by the defendant that he did not purposely use the knife or thrust the same voluntarily into the person or body of Charles Mays, but he does contend that in drawing this knife he drew the same in protection of himself. That question, together with all other questions of fact, are for your determination as I have said from all the facts and circumstances in evidence." *Id.* at 558, 42 N.E. 2d at 217.

The *Armbrust* court found that the above-quoted instructions, together with the charges as a whole, were adequate to charge the jury upon the question of accidental death. "If, as the defendant contended, the deceased fell on the knife and inflicted the wound upon himself, then it could not be determined that the defendant purposely used a deadly weapon upon Mays. * * *" *Id.* at 559, 42 N.E. 2d at 217.

In the case *sub judice,* appellee argues that the refusal to instruct on accident was "harmless error" because of the court's instruction on "knowingly." Appellee argues that the jury instructions sufficiently embraced the substance of "accident."

In the case *sub judice,* the relevant portions of the jury instructions were as follows:

"Now, the defendant is charged in the first count with felonious assault. And felonious assault is knowingly causing serious physical harm to another person by means of a — in this case the charge is knowingly causing serious physical harm to another person. And therefore, the State of Ohio must prove beyond a reasonable doubt, and you must find the specific elements, * * * and that the defendant, Raymond T. Brady, did, and that he did knowingly.

"And the definition of knowingly is that a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result, or he is aware that his conduct will probably be of a certain nature.

"A person has knowledge of circumstances when he is aware that such circumstance or circumstances probably exist.

"Knowingly means that a person is aware of the existence of the facts, and that his acts will probably cause a certain result or be of a certain nature.

"Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances that have been placed into evidence.

"You will determine from the facts and circumstances, whether there existed at the time in the mind of the defendant an awareness of the probability that he was causing serious physical harm to Daryle D. Arnett."

"Where, in the trial of a criminal case, the substance of instructions to the jury requested by the defendant is completely embraced in the court's general charge, the defendant is denied no constitutional or statutory right in the court's refusal to give such requested instructions." *State* v. *Lakes* (1964), 120 Ohio App. 213, 27 O.O. 2d 430, 200 N.E. 2d 310.

Unlike the instruction in *Arm-brust, supra,* the instructions in the case *sub judice* do not sufficiently embrace the substance of "accident." Arguably, if the jury found that appellant's actions were "unknowing," they could have then concluded the actions were accidental. However, we cannot assume that the jury knew they had this option. In *Armbrust, supra,* the court pointed out to the jury that the defendant's claim was that he did not purposely use the knife. *Id.* at 559, 42 N.E. 2d 217. However, in the case *sub judice,* the court did not point out to the jury that appellant claimed his acts were accidental, *i.e.,* without intent. Since appellant's requested charge was pertinent to the case, stated the law correctly and was not sufficiently covered by the general charge, appellant's assignment of error is well-taken. *Epperson, supra.*

In the case *sub judice,* the judge thought that a charge on self-defense was more applicable to the facts. It is undisputed that the requested instruction on accident was a correct statement of law. Appellant made a timely objection to the trial court's omission of his requested instructions on accident pursuant to Crim. R. 30, and appellee conceded in oral argument that the instructions were timely filed. Based on the state of the record, the proposed jury instructions on accident should have been given.

Appellant's second assignment of error is not well-taken. Appellant asserts that the jury may have based its decision solely on the fact that appellant *possessed* a knife, *i.e.,* a "deadly weapon." Appellant argues that the jury should have been instructed that appellant had a right to bear arms:

"The rule is clear that where, as here, the requested instruction is neither pertinent to the evidence adduced at trial *nor correct as a matter of law,* it is necessary and proper for the trial court to refuse to give it to the

jury. *E.g., State* v. *Corkran* (1965), 3 Ohio St. 2d 125 [32 O.O. 2d 132]." *State* v. *Calhoun* (1981), 2 Ohio App. 3d 472, 474, 2 OBR 597, 600, 442 N.E. 2d 1306, 1309-1310. (Emphasis added.)

"The Second Amendment to the Constitution of the United States does not confer an individual right to bear arms." *East Cleveland* v. *Scales* (1983), 10 Ohio App. 3d 25, 10 OBR 32, 460 N.E. 2d 1126. "It is a military, not an individual, concept." *Id.* at 28, 10 OBR at 35, 460 N.E. 2d at 1130. The case at bar does not involve the militia; therefore, the requested instruction is neither pertinent nor correct as a matter of law. The trial court properly refused this instruction.

On November 24, 1986, appellant filed a motion for severance of offenses for trial pursuant to Crim. R. 14, which states in part:

"If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. * * *"

This motion was never ruled on but appellant did not assign it as error. A review of case law shows that "[a] motion for severance due to prejudicial misjoinder under rules of procedure for relief from prejudicial misjoinder must be renewed at the close of the state's case or at the conclusion of all the evidence and unless made at that time, it is waived." *State* v. *Owens* (1975), 51 Ohio App. 2d 132, 5 O.O. 3d 290, 366 N.E. 2d 1367, paragraph two of the syllabus.

An inspection of the record and transcript shows that the motion for severance was never renewed and therefore was waived.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and COOK, J., concur.