CITY OF MENTOR, Appellee,

v.

HAMERCHECK, Appellant.

[Cite as *Mentor v. Hamercheck* (1996), 112 Ohio App.3d 291.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–145.

Decided July 1, 1996.

*Ron M. Graham,* Mentor City Prosecutor, for appellee.

*Jerome Emoff,* for appellant.

---

MARY CACIOPPO, Judge.

This appeal has been taken from a final judgment of the Mentor Municipal Court. Appellant, John R. Hamercheck, seeks the reversal of his conviction on one count of petty theft. As the primary basis of this appeal, appellant contends that the trial court erred in failing to instruct the jury on the defense of accident.

Appellant was employed for approximately eight years as a radio technician in the Lake County Telecommunications Department. In October 1989, during the course of his employment with the county, appellant was involved in the crash of a helicopter. In this accident, he suffered a number of injuries, including an injury to his head. As a result, appellant was unable to work for approximately two years.

After his return to work, appellant was promoted to the position of senior radio technician. As part of his duties, he was periodically required to purchase certain items which he used in his work for the county. Appellant usually purchased these items at Mentor Hardware, a store located within the county. In doing so, appellant would "pay" for the items by simply signing a voucher.

On May 3, 1995, appellant was instructed by his superior to purchase some door hinges and drain cleaner. Using a county vehicle, appellant drove to Mentor Hardware sometime that morning. Once inside the store, he picked up three personal items, in addition to the items for the county. Two of the personal

items were an electric drill and an accompanying battery pack; their total value was approximately $250.

Upon approaching the cashier, appellant placed the majority of the personal and county items on the counter. Prior to paying for any of the items, appellant walked outside the store and placed the electric drill and battery pack inside the county vehicle. Back inside the store, he signed for the county items and paid for the one personal item which he had not taken already to the county vehicle. Appellant then left the store without paying for the drill and battery pack.

Later that afternoon, a sales clerk at Mentor Hardware asked the store manager to assist him in ordering a new drill to replace the one which appellant had supposedly bought. When the clerk could not recall the exact type of drill which he had given to appellant, he and the manager tried to find the receipt for the transaction. When they could not find a receipt, and the cashier could not recall charging appellant for an electric drill and battery pack, the manager called a county official about the matter.

After learning of this matter, appellant's superior asked appellant to show him the interior of the county vehicle which appellant had driven to Mentor Hardware. Upon seeing the drill, the superior asked appellant where he had gotten it. Appellant stated that he had bought the drill at Sears during his lunch break. When the superior asked to see a receipt, appellant could not produce one.

Given the conflict between appellant's initial explanation and the store manager's statements, the matter was investigated by the Mentor Police Department. The investigation resulted in the filing of a complaint against appellant, charging him with petty theft under the city ordinance.

An abbreviated jury trial was held in August 1995. As part of its case, the state presented the testimony of the cashier who had waited on appellant when he signed the voucher covering the county items. The cashier testified that appellant never told her that he was going to put the drill and battery pack into his vehicle prior to paying. She further stated that she never saw the drill and battery pack during the incident.

In testifying on his own behalf, appellant admitted that the drill and battery pack found in his county vehicle had been from the hardware store. Appellant also testified to the following: (1) when he initially walked up to the counter, he had decided to take the drill and battery pack to the vehicle prior to paying because there had been no room on the counter to place them; (2) before going to the vehicle, he had exhibited the drill to the cashier and told her what he was going to do; (3) when he came back into the store, the cashier had engaged him in a five-minute conversation about his newborn daughter; and (4) when he

finally paid for the other items, he had simply forgotten about the drill and battery pack.

Appellant further stated that, ever since the helicopter accident, he had had periodic problems with his short-term memory. In support of this assertion, he presented the testimony of the neurologist who had been treating appellant for the problem.

At the close of the testimony, appellant moved the trial court to instruct the jury on the defenses of accident and mistake of fact. The trial court instructed only on the defense of mistake of fact. The court did not instruct the jury on the defense of accident.

Based upon the evidence presented, the jury returned a verdict of guilty as to the sole count of petty theft. The trial court then sentenced appellant to the county jail for thirty days and suspended twenty-seven days, fined him $150, and placed him on probation for a period of one hundred days.

In his appeal of this conviction, appellant has asserted the following assignments of error:

"1. The trial court committed prejudicial error by denying appellant's request for a jury instruction on the defense of accident, and a recitation of R.C. 2901.21(A) as part of the jury charge, when there was sufficient evidence in the record to support such instructions.

"2. The verdict was insufficient to sustain a conviction and/or the verdict was against the manifest weight of the evidence."

■ In the first assignment, appellant maintains that the trial court erred in refusing to instruct the jury on the defense of accident. Appellant contends that his proposed instruction on this defense should have been given because, as a part of his testimony at trial, he stated that he had intended to pay for the electric drill and battery pack, but that he had just forgotten about them when he paid for the other items. This argument has merit.

In relation to the defense of accident in a criminal action, this court has noted that, as a general proposition, "accident" refers to an unfortunate event which takes place by chance or casually. *State v. Brady* (1988), 48 Ohio App.3d 41, 42, 548 N.E.2d 278, 279–280, quoting *State v. Lovejoy* (M.C.1976), 48 Ohio Misc. 20, 25, 2 O.O.3d 320, 323, 357 N.E.2d 424, 428. We have also noted that, if the facts of a case warrant an instruction on this defense, a trial court is required to inform the jury that " 'proof of accident negates guilt * * *.' " *Brady* at 42, 548 N.E.2d at 279, quoting *State v. Rivers* (1977), 50 Ohio App.2d 129, 4 O.O.3d 100, 361 N.E.2d 1363, paragraph six of the syllabus. The latter assertion is clearly based

upon the fact that a finding of accident supports the conclusion that the defendant had not acted with the required *mens rea.*

In applying the foregoing general propositions, this court has recently had the opportunity to consider the defense of accident in the context of a charge of shoplifting. In *State v. Castellano* (June 30, 1994), Geauga App. No. 92–G–1737, unreported, 1994 WL 446955, the defendant placed two bolts in his shirt pocket while he was shopping in a store. After deciding not to purchase another item, the defendant left the store without paying for the bolts.

As a defense to the charge of petty theft, the defendant testified that his failure to pay had been inadvertent. Notwithstanding this testimony, the trial court refused to give an instruction on the defenses of accident and mistake of fact. On appeal, this court concluded that, under the facts of the case, the trial court had erred in failing to give the requested instructions. As part of our discussion of this point, this court noted, in footnote 1:

"We note that appellant's defense is more properly characterized as accident rather than mistake of fact, as there was no allegation that appellant acted in accordance with an honest but mistaken belief of fact. Instead, appellant asserted at trial that the conduct constituting the offense was the product of inadvertence."

Appellant's testimony in the instant case warrants the same conclusion as was reached in *Castellano.* During his testimony, appellant expressly stated that, at the moment he paid for the other items, he had simply forgotten about the electric drill and battery pack. This testimony only supports the conclusion that appellant's failure to pay for the two items occurred inadvertently, instead of being predicated upon a mistaken belief of fact. Under these circumstances, the trial court should have instructed the jury on the defense of accident, instead of the defense of mistake of fact.

As to this point, this court notes that, as part of his testimony in relation to the events which occurred after he had returned to work, appellant stated that, when he was initially confronted by his superior, he had mistakenly thought that he had paid for the drill and battery pack when he had been at the store. Appellant further stated that he had told his superior that he had purchased the items at Sears because he wanted to hide the fact that he had purchased the items on "county time."

While this particular testimony does tend to show a mistake of fact, appellant never testified that this "mistake" occurred at the moment he paid for the other items at the hardware store. Instead, appellant only asserted that, at the moment of the alleged crime, he had merely forgotten about the items; *i.e.,* appellant never testified that his failure to pay had been caused by a mistake of

fact. Under these circumstances, the defense of mistake of fact would be inapplicable because appellant did not assert it as a justification for his actions.

As a general proposition, a trial court commits prejudicial error in a criminal case by failing to give a proposed instruction when (1) the instruction is relevant to the facts of the case, (2) the instruction gives a correct statement of the relevant law, and (3) the instruction is not covered in the general charge to the jury. *Brady,* 48 Ohio App.3d at 42, 548 N.E.2d at 279–280, citing *Cincinnati v. Epperson* (1969), 20 Ohio St.2d 59, 49 O.O.2d 342, 253 N.E.2d 785. Pursuant to the foregoing discussion, this court concludes that the trial court erred in failing to give the requested instruction on the defense of accident. Accordingly, appellant's first assignment has merit.[1]

Under his second assignment, appellant essentially argues that the jury verdict was against the manifest weight of the evidence. In support of this argument, he contends that the jury abused its discretion in believing the cashier's version of the incident instead of his own version.

As to this argument, given our holding under the first assignment, the merits of this particular argument have been rendered moot. As a result, this court is technically not required to address the merits of this assignment. See App.R. 12(A)(1)(c).

Nonetheless, our review of the trial transcript indicates that, although the credibility of the cashier was somewhat impeached during the course of her cross-examination, appellant's own credibility was successfully challenged at trial. Specifically, appellant's superior testified that when he first asked appellant where he had gotten the drill and battery pack, appellant told him that he had stolen the items from Sears. According to the superior, appellant later recanted the story and stated that he had purchased the items from Sears.

Given that the credibility of appellant's own testimony was successfully challenged, the record does not support the conclusion that the jury abused its discretion in finding the testimony of the cashier to be more credible. If the cashier's testimony is believed, then the record clearly contains some competent, credible evidence supporting the jury's finding. Since the jury verdict was not

---

1. As part of this assignment, appellant also submits that the trial court erred in not instructing the jury that it had to find that appellant's actions had been voluntary before it could find him guilty. As to this point, this court concludes that such an instruction was not warranted in the instant case because appellant's testimony did not establish that his actions had been the result of a reflexive action. R.C. 2901.21(C)(2) states that an action is considered to be involuntary only if it is the result of a reflex, convulsion, or a body movement which occurs while an individual is unconscious or asleep. See *State v. LaFreniere* (1993), 85 Ohio App.3d 840, 848, 621 N.E.2d 812, 818–819. *Under this standard, appellant's actions would still have been voluntary even if he had forgotten about the drill and battery pack.*

against the manifest weight of the evidence, appellant's second assignment is without merit.

The judgment of the trial court is reversed, and the cause is hereby remanded for a new trial.

*Judgment accordingly.*

JOSEPH E. MAHONEY, P.J., and NADER, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.