OPINION
Appellant Tariq Amin Amani appeals his conviction for one count of felonious assault from the Stark County Common Pleas Court pursuant to R.C. 2903.11. Appellant claims the jury's verdict was against the sufficiency and the manifest weight of the evidence. Appellant also asserts the trial court erred in not giving an instruction on the defense of accident. The following facts give rise to this appeal. On the evening of June 15, 1999, at approximately 10:00 p.m., Michael Tipton went to the home of Hegina Henderson located at 827 7th St. N.W. in Canton. There had been previous sexual relations between Mr. Tipton and Ms. Henderson. Both agreed that their activities had ceased. Appellant arrived at Ms. Henderson's residence a short time later. Mr. Tipton was asleep on the couch. Appellant and Ms. Henderson went upstairs and returned downstairs sometime later. While Ms. Henderson was in the kitchen, appellant approached the couch and told Mr. Tipton to leave. Ms. Henderson returned to the living room and Mr. Tipton asked Ms. Henderson if he had to leave. Ms. Henderson responded, "What are you talking about?" Mr. Tipton refused to leave. An angry appellant approached Mr. Tipton and Mr. Tipton moved away to the middle of the living room. Appellant approached Mr. Tipton in a "juking motion." Mr. Tipton put up his arms in a defensive motion and could feel a couple of hits on his arms and then felt a "warm gushing" sensation in his stomach. Mr. Tipton never saw a knife. He immediately grabbed his stomach and felt his intestines in his hands. Mr. Tipton quickly left the apartment, while holding his stomach, stumbled down the sidewalk, and partially fell on a lawn. He got up and managed to knock on several neighbors' doors but no one answered. Finally, at the third house, Ms. Baggot answered the door. She would not allow Mr. Tipton to enter her residence, but she did telephone 911. Mr. Tipton told Ms. Baggot that he had been stabbed by a man named Tyree and Ms. Baggot saw him holding his intestines. Ms. Baggot let Mr. Tipton in once she realized the seriousness of his injury. Mr. Tipton repeatedly stated "Please don't let me die." At the instruction of the 911 operator, Mr. Tipton went back outside on the porch. Canton Police Officer Wright arrived on the scene and observed Mr. Tipton lying on Ms. Baggot's porch. Officer Wright also observed Mr. Tipton holding his stomach and saw his intestines through his fingers. Mr. Tipton told the officers that he had been stabbed by a man named Tariq, in the living room of a residence at 7th Street N.W. and Jones Court. An ambulance arrived and took Mr. Tipton to the hospital where he was treated for his injuries. Thereafter, officers went to appellant's apartment and the apartment manager let them into appellant's apartment but appellant was not present. The officers left and returned sometime later. Again, the apartment manager let them into the apartment and appellant was found "balled-up" in a closet. The officers arrested appellant and charged him with one count of felonious assault. The officers also read appellant his Miranda rights. Appellant told the officers that he knew why he was being arrested. He said that he fought with Mike because Mike had been "hitting" on his girlfriend. This matter proceeded to a jury trial on September 7, 1999. Following deliberations, the jury found appellant guilty of one count of felonious assault pursuant to R.C. 2903.11. The trial court sentenced appellant accordingly. Appellant filed a timely notice of appeal and sets forth the following assignments of error for our consideration:
 1. THE JURY VERDICT FINDING DEFENDANT-APPELLANT GUILTY WAS NOT SUPPORTED BY THE EVIDENCE; IN THE ALTERNATIVE, THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 2. THE TRIAL COURT ERRED IN REFUSING TO CHARGE THE JURY ON THE DEFENDANT-APPELLANT'S REQUESTED INSTRUCTIONS REGARDING THE DEFENSE OF ACCIDENT.
 I.
In his First Assignment of Error, appellant contends that the jury erred when it found him guilty of felonious assault pursuant to R.C. 2903.11 because the State of Ohio failed to present evidence sufficient to prove him guilty beyond a reasonable doubt or, in the alternative, the verdict was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's First Assignment of Error. Appellant's first argument, in support of his First Assignment of Error, claims insufficient evidence exists to support his conviction. We disagree. Testimony from the victim, Mr. Tipton, indicated that the appellant came into Ms. Henderson's house, told Mr. Tipton to leave, even though Ms. Henderson had not asked the victim to leave, and words were exchanged. The victim further testified that when he refused to leave, appellant came at him with a "juking motion" and that Mr. Tipton felt a warm gushing sensation from his stomach. The fact that the victim did not see what the appellant cut him with is not significant. Ms. Henderson testified that at 10:00 p.m. she saw Mr. Tipton leave while holding his stomach. Shortly afterwards, Mr. Tipton stumbled to the nearby residence of Meredith Baggot. Ms. Baggot found Mr. Tipton on the porch, seriously injured, and begging her not to let him die. Mr. Tipton was treated at Aultman Hospital and underwent surgery. The police officers found appellant hiding in his apartment "balled-up" in the corner of a closet. Although appellant suggests several possible scenarios, other than appellant assaulting Mr. Tipton, when viewing the evidence in a light most favorable to the State of Ohio, sufficient evidence exists to support appellant's conviction beyond a reasonable doubt on all elements of felonious assault. Appellant's second argument, under his First Assignment of Error, claims the manifest weight of the evidence does not support a conviction for felonious assault. We also disagree with this argument. Under the manifest weight test, we consider all of the evidence not just that which supports the state's case. Therefore, we consider the alternative scenarios suggested in appellant's brief, under the manifest weight portion of the First Assignment of Error. In support of his argument, appellant points out the following:
 no one saw appellant stab Mr. Tipton yet Ms. Henderson was present at the time of the stabbing;
 physical evidence indicated a lack of blood at the scene or on the appellant;
a weapon was not found at the scene;
and Mr. Tipton used crack cocaine and testified inconsistently.
Appellant maintains that the physical evidence and testimony suggests that it is reasonable to infer that Mr. Tipton was holding the weapon and may have accidentally stabbed himself. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of all the witness, we do not find that the jury lost its way and created a manifest miscarriage of justice. Appellant's First Assignment of Error is overruled.
 II.
Appellant, in his Second Assignment of Error, alleges that the trial court should have instructed the jury on the defense of accident. We disagree. Appellant requested this instruction, at the close of the evidence, but failed to file a written proposed jury instruction on the defense of accident. A trial court should only instruct a jury regarding the actual issues in the case which arise from the evidence. "* * * [A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and pleadings." State v. Jackson (1986),22 Ohio St.3d 281, 283, quoting from State v. Guster (1981),66 Ohio St.2d 266, 271. An accident occurs because of an unfortunate event which occurs casually or by chance. State v. Brady (1988),48 Ohio App.3d 41, 42. By raising this defense, appellant denies that he had the requisite intent to harm Mr. Tipton. However, there was evidence that the act was intentional, but there was no evidence presented that appellant injured Mr. Tipton due to an unintentional or chance act. There was no testimony from any witness that it was an accident. The medical evidence pertaining to the severity of the knife wounds to the abdominal wall and abdominal cavity of Mr. Tipton would not be consistent with an accidental act. Appellant does not make it clear whether the proposed accident was Mr. Tipton stabbing himself or that appellant accidently stabbed Mr. Tipton in a scuffle where Mr. Tipton had the knife. We conclude appellant's bare suggestion that it might have been an accident is not sufficient to require the trial court to give an instruction on accident. The evidence and pleadings did not support a jury charge on accident. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
FARMER, P.J. and EDWARDS, J. CONCUR.