OPINION
Appellant Robert Shetler appeals the decision of the Mansfield Municipal Court that denied his request for a jury instruction on the affirmative defense of reasonable response. The following facts give rise to this appeal. The charge of coercion, against appellant, was the result of an affair appellant had with Victoria Dillon. At the time of the affair, Dillon worked as a secretary, in the Public Works Division, for the City of Mansfield. Appellant was married to Dillon's sister approximately thirteen to fifteen years prior to their affair. The affair between Dillon and appellant began in the winter of 1996/1997, after appellant gave her a ride home from work. Appellant called Dillon several weeks later and asked her over to his house. Dillon went to appellant's house and appellant allegedly raped her by causing her to perform oral sex on him. Dillon never told anybody about the rape because she did not think anybody would believe her. The affair between Dillon and appellant continued for several years. The relationship was based on a "sexual contract" which required Dillon to pay appellant money if she did not sufficiently satisfy appellant's sexual needs. Dillon estimated that over the duration of the relationship, she paid appellant approximately six or seven thousand dollars. Eventually, Dillon informed her husband about the affair after her husband discovered a one thousand dollar loan, the proceeds of which Dillon allegedly gave to appellant. Dillon's husband encouraged her to tell her boss, the director of human resources, about the situation with appellant. After informing her boss about the relationship, Dillon also spoke to Captain Messer and Lieutenant Goldsmith of the Mansfield Police Department. Thereafter, the police installed a video recording device, in Dillon's office. Dillon met with appellant, at her office, on April 12, 1999. During this meeting, she informed appellant that she wanted to terminate their relationship. Dillon also met with appellant on April 26, 1999. It was during this meeting that appellant informed her that he had a letter and a picture of her that he would send to the mayor, the director of public works and the director of human resources. Appellant told Dillon the picture was embarrassing and humiliating and would falsely implicate a third person. Appellant told Dillon that if she would continue their relationship he would not mail the letter and picture. This conversation with Dillon resulted in the charge of coercion against appellant. At his arraignment, appellant entered a plea of not guilty. This matter proceeded to trial on December 17, 1999. Following deliberations, the jury convicted appellant as charged. The trial court sentenced appellant to the maximum fine of $750 and the maximum jail time of ninety days. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED PREJUDICIALLY BY DENYING THE ACCUSED OF THE STATUTORY DEFENSE OF REASONABLE RESPONSE.
 I
In his sole assignment of error, appellant maintains the trial court should have instructed on the statutory defense of reasonable response. We disagree. In addressing appellant's assignment of error, we begin by noting that appellant did not object to the trial court's decision not to instruct the jury on the statutory defense of reasonable response as required by Crim.R. 30(A). This rule provides, in pertinent part: * * * On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *
Having failed to object, we must analyze appellant's assignment of error under a plain error analysis, as provided for in Crim.R. 52(B). This rule states: (B) Plain error Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus; State v. Cooperrider (1983), 4 Ohio St.3d 226, 227. Further, under a plain error analysis, an improper jury instruction, or failure to instruct, will not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Long at paragraph two of the syllabus. As to the giving of requested jury instructions, "[t]he fundamental rule for determining the scope of the instruction to be given by the court is that it should be adapted to and embrace all issues made by the pleadings and the evidence. * * * The instruction should be broad enough to properly cover the issues presented for consideration, or all the facts in issue which the evidence tends to establish or disprove." (Footnotes omitted.) State v. Harris (June 9, 2000), Huron App. No. H-99-010, unreported, at 5, citing 89 Ohio Jurisprudence 3d (1989) 354-355, Trial, Section 289. In State v. Brady (1988), 48 Ohio App.3d 41, 42, the Ohio Supreme Court explained that it is prejudicial error, in a criminal case, to refuse to give a requested jury instruction which is pertinent to the case, states the law correctly, and is not covered by the general charge or another special charge. In the case sub judice, appellant claims he was entitled to have the trial court instruct the jury on the affirmative defense of reasonable response. The affirmative defense of reasonable response is contained in R.C.2905.12(C) and provides as follows: (C) It is an affirmative defense to a charge under division (A)(3), (4), or (5) of this section that the actor's conduct was a reasonable response to the circumstances which occasioned it, and that his purpose was limited to: (1) Compelling another to refrain from misconduct or to desist from further misconduct; (2) Preventing or redressing a wrong or injustice; (3) Preventing another from taking action for which the actor reasonably believed such other person to be disqualified; (4) Compelling another to take action which the actor reasonably believed such other person to be under a duty to take.
The committee comments to the above affirmative defense explains that "[t]he [affirmative defense] excuses an offense [of coercion] when the actor's conduct was otherwise innocent and designed to prevent misconduct, redress injustice, thwart another from doing something for which the actor reasonably believed him disqualified, or compel another to do something which the actor reasonably believed him duty bound to do." Based on our review of the record in this matter, we conclude the trial court did not commit plain error when it refused to instruct the jury on the affirmative defense of reasonable response. The coercion charge was based on appellant's threat to mail a letter and a humiliating and embarrassing picture, of Dillon and a third party, to various public officials. This was not innocent conduct designed to prevent misconduct by Dillon, redress injustice by Dillon, prevent Dillon from doing something she was not permitted to do, or compel Dillon to do something which appellant reasonably believed she was bound to do. As such, appellant was not entitled to the requested instruction because it was not pertinent to the case. Also, appellant has not established that the outcome of the trial clearly would have been otherwise had the trial court instructed the jury on the affirmative defense of reasonable response. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
 ______________________ Wise, J.
By: Edwards, J., and Milligan, V. J., concur.