For the reasons that follow, I respectfully dissent from the majority opinion which concludes that appellant was denied effective assistance of counsel when his defense counsel failed to request a jury instruction on parental discipline.[1]
In order to successfully claim ineffective assistance of counsel, appellant had to meet the two-pronged test announced by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, and adopted by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136:
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. DiMeolo (Sept. 30, 1992), Ashtabula App. No. 91-A-1680, unreported, 1992 WL 267379, at 3, quoting Strickland at 687. See, also, Bradley at paragraphs two and three of the syllabus.
 "To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Bradley at 142, quoting Strickland at 694.
Initially, the majority concludes that defense counsel's failure to request a jury instruction on the issue of parental discipline fell below the objective standard of reasonable representation. While defense counsel could have sought such an instruction, it would have been error for the trial court to provide it. Hence, the inaction of defense counsel was hardly prejudicial such that the outcome of the trial was sufficiently undermined.
There is no question that proper and reasonable parental discipline can be employed by a parent without violating R.C. 2919.25(A), thereby creating an affirmative defense to a charge of domestic violence.[2]State v. Suchomski (1991), 58 Ohio St.3d 74, 75; State v. Hart (1996),110 Ohio App.3d 250, 254; Hicks at 517-520. As such, appellant had the burden, by a preponderance of the evidence, of going forward with evidence sufficient to raise the affirmative defense of parental discipline. R.C. 2901.05(A); State v. Palmer (1997), 80 Ohio St.3d 543,563-564; State v. Melchior (1978), 56 Ohio St.2d 15, 20.
"`The proper standard for determining * * * whether a defendant has successfully raised an affirmative defense * * * is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue.'" Palmer at 564, quoting Melchior at paragraph one of the syllabus. See, also, State v. Brady (1988), 48 Ohio App.3d 41, paragraph one of the syllabus; State v. Castellano (June 30, 1994), Geauga App. No. 92-G-1737, unreported, 1994 WL 446955, at 4. "Evidence is sufficient where a reasonable doubt of guilty has arisen * * *. * * * If the evidence generates only a mere speculation or possible doubt, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury will be unwarranted." (Citations omitted.)Melchior at 20. As such, a trial court cannot give a jury instruction on an affirmative defense if a defendant has failed to meet his or her burden of proof. Palmer at 563-564; Melchior at 20;
In the instant cause, no reasonable jury could possibly believe that appellant used reasonable and proper parental discipline. At trial, appellant presented evidence, through the testimony of his wife, Mrs. Vandergriff, that he had the right to discipline his stepdaughter. However, nowhere is there evidence indicating an attempt on the part of appellant to discipline the child at the time the altercation occurred. For instance, appellant did not testify that he was, indeed, disciplining the child. Nor did defense counsel ask Mrs. Vandergriff, who observed the incident, whether she believed appellant was disciplining the child. To the contrary, the evidence reveals that appellant was in a rage at the time of the incident.[3]
Under these circumstances, not only was the evidence insufficient to raise the affirmative defense of parental discipline, it was insufficient to warrant an instruction on that issue. Even if defense counsel requested such an instruction, the trial court could have properly refused to instruct the jury on parental discipline as there was insufficient evidence to support the instruction. See, generally,Palmer at 563-564; Melchior at 20. Therefore, because appellant has failed to demonstrate that defense counsel's performance was deficient, he did not satisfy the first prong of the Strickland test.
Furthermore, appellant was unable to demonstrate prejudice, and as such, he failed to satisfy the second prong of the Strickland test. Contrary to the majority's position, the second prong of the Strickland
test requires this court to act as the trier of fact and "consider thetotality of the evidence before the * * * jury" to determine whether there is a reasonable probability that the outcome of the trial would have been different in the absence of trial counsel's deficient performance. (Emphasis added.) Bradley at 142.
In the instant matter, even if the instruction on parental discipline were improvidently given, there is no evidence to support the existence of a reasonable probability that the jury would have found appellant not guilty of domestic violence. It cannot seriously be argued that picking up a twelve year old child by the arms, slamming her against the wall, then grabbing her by the hair and throwing her towards the stairs, constitutes reasonable and proper parental discipline. See, e.g., Statev. Jones (Apr. 23, 1999), Montgomery App. No. 17381, unreported, 1999 WL 249221, at 3 (holding that a rational trier of fact could have found defendant guilty of domestic violence when he grabbed his girlfriend by the hair, flung her down the hallway and into a door jamb, and slammed her up against a door).
While appellant was permitted by his wife to discipline his stepdaughter, there was absolutely no evidence presented at trial to show that his conduct was motivated by a desire to discipline. To the contrary, when asked by the prosecuting attorney whether appellant was ina rage at the time of the altercation, Mrs. Vandergriff answered in theaffirmative. The fact that appellant acted in a heat of anger wentunchallenged at trial. "Striking a child in anger is not the same asdisciplining an unruly child." (Emphasis added.) Galion v. Martin (Dec. 12, 1991), Crawford App. No. 3-91-6, unreported, 1991 WL 261835, at 1. See, also, State v. Howard (Dec. 3, 1999), Lake App. No. 98-L-265, unreported, 1999 WL 1313691, at 4. This is precisely what the domestic violence statute seeks to prevent, to-wit: familial assaults.
In summation, under the circumstances presented in this case, I would reject appellant's claim of ineffective assistance of counsel. First, defense counsel's performance was not deficient as the evidence presented at trial was insufficient to support an instruction on parental discipline. Second, even if the instruction had been given, appellant has not shown the existence of a reasonable probability that the jury verdict would have been different; ergo, prejudice did not arise.
The purpose of parental discipline is "to impress upon a child the importance of listening, understanding, and correcting his or her behavior to conform to the established rules of conduct." In re Jandrew
(Dec. 29, 1997), Washington App. No. 97 CA 4, unreported, 1997 WL 802848, at 11. I respect the reality that parents of teenagers are frequently faced with the temptation to do violence to their offspring. However, the vast majority of parents have managed to exercise sufficient restraint such that a more suitable course of action can be pursued. That is what civilized people do, and that is what we must require them to do.
Based on the foregoing discussion, I respectfully dissent from the majority opinion and would affirm the judgment of the trial court.
[1] I write separately to express my serious reservations that appellant was denied effective assistance of counsel. As such, I express no opinion at this time as to appellant's remaining assignments of error.
[2] "Proper" for purposes of the parental discipline defense, means suitable or appropriate, while "reasonable" means not extreme or excessive. State v. Hicks (1993), 88 Ohio App.3d 515, 520.
[3] The following exchange took place at trial between the prosecuting attorney and Mrs. Vandergriff:
 "Q. So, [appellant] was on top of your daughter; is that correct? You pulled him off?
"A. Yeah.
"Q. And it's fair to say he was in a rage?
 "A. Yeah. They were both yelling and she was yelling, `you're not my fucking dad. I don't have to listen to you.'" (Emphasis added.)